**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 17-cr-20253-ALTMAN**

**UNITED STATES OF AMERICA**

**v.**

**SEGUNDO ORLANDO MOREANO BLANDON,**

  **Defendant.**

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582 (c)(1)(A)**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its response in opposition to defendant Segundo Orlando Moreano Blandon's (the "Defendant" or "Moreano") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 87). The Defendant alleges that his and his adult daughter's medical conditions constitute extraordinary and compelling reasons for a sentence reduction (DE 87-1 at 3-4). The Court should deny the Defendant's motion because the Defendant has not met his burden of establishing extraordinary reasons for a sentence reduction.

**COURSE OF PROCEEDINGS IN THE CRIMINAL CASE**

On April 7, 2017, a federal grand jury in the Southern District of Florida returned a two-count indictment charging the defendant and two co-defendants as follows: Count 1 - conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(b); and Count 2 - possession with intent to distribute 5 kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1) and

18 U.S.C. § 2 (DE 9).

On May 9, 2017, the defendant pleaded guilty to Count 1 of the indictment, and the government agreed to seek dismissal of Count 2 after sentencing (PSI ¶¶ 1 and 2).

The United States Probation Office ("Probation") prepared a Presentence Investigation Report in which it determined that the base offense level would be 38, holding the Defendant responsible for at least 493 kilograms of cocaine (PSI ¶17). The PSI also deducted three levels for timely acceptance of responsibility for an adjusted offense level of 35 (PSI ¶¶ 28-30).

The Defendant had a prior conviction in 2004 for the same crime in the Middle District of Florida involving three separate smuggling ventures totaling over 4 tons of cocaine. Moreano was sentenced to 135 months in prison for his 2004 crime. He was on supervised release when he was charged with the current offense. Probation determined that Moreano's prior conviction and the fact that he committed the instant offense while on supervision gave the defendant five criminal history points, placing him in a criminal history category III (PSI ¶¶ 32-34).

With a total offense level of 35 and a criminal history category of III, the PSI computed the Defendant's imprisonment guideline range as 210 to 262 months with a 10-year minimum mandatory sentence (PSI ¶¶ 61 and 62).

On July 20, 2017, the court held a sentencing hearing (DE 40). During the hearing, Moreano moved the court for minor role. The court denied the motion (*See* DE 64 – sentencing transcript). The defendant was sentenced to the bottom of the guidelines, 210 months in prison (DE 44).

On December 27, 2023, the Defendant filed his first § 3582 motion (DE 72). That motion was denied (DE 74).

On August 12, 2024, Moreano filed a second § 3582 motion (DE 82). This time the court

granted Moreano's motion. The court removed 2 points from his criminal history due to the Sentencing Commission's amendment to the "status points" provision. With 3 criminal history points instead of 5, Moreano's new criminal history category was lowered from III to II. His new sentencing guideline range, with a total offense level of 35, was reduced to 188 to 235 months. The court reduced Morano's sentence to 188 months in prison (DE 85 and 86).

On March 25, 2026, Moreano filed the instant motion, his third, for sentence reduction based on "extraordinary and compelling reasons" (DE 87).

The defendant is serving his sentence at Fort Dix FCI, with an anticipated release date of May 5, 2031. Upon release from prison, he will be subject to removal (PSI ¶ 72).

### Offense Conduct[1]

On March 5, 2017, while on routine patrol in the Eastern Pacific Ocean, the United States Coast Guard (USCG) Cutter *Resolute* detected a go-fast vessel (GFV) approximately 100 nautical miles northwest of Buenaventura, Colombia, in international waters and upon the high seas. The GFV was dead in the water. The *Resolute* diverted to intercept the GFV and deployed its over the horizon (OTH) vessel. The OTH arrived on scene and located the GFV. The USCG boarding team boarded the GFV without any incident and conducted an initial safety sweep. The GFV had three occupants on board who identified themselves as SEGUNDO ORLANDO MOREANO BLANDON, ELIODORO VALOIS MOSQUERA, and ALFONSO ANGULO MOSQUERA. Further investigation yielded no vessel name, no registry, and no nationality claimed for the vessel. All three crew members said that they were from Colombia. Based on the crewmembers' claim of Colombian nationality, the USCG contacted the Government of Colombia. The Government of

---

[1]The facts in this section are taken word for word directly from the stipulated factual proffer filed at DE 21.

Colombia responded that they could neither confirm nor deny the nationality of the vessel. The GFV was therefore a vessel without nationality and was subject to the jurisdiction of the United States.

The USCG boarding team saw bales and approximately 15 fuel barrels on board the vessel. The U SCG conducted a field test of the substance contained within one of the bales which yielded positive results for cocaine. A total of 25 bales were recovered from the GFV with a combined weight of approximately 493 kilograms of cocaine. The three crew members from the GFV were detained on the USCG Cutter *Resolute*.

On March 27, 2017, the USCG transferred custody of MOREANO BLANDON, VALOIS MOSQUERA, and ANGULO MOSQUERA to United States law enforcement officers. On that same date, United States law enforcement officers escorted the three crew members to the Southern District of Florida, where they first entered the United States.

The defendants conspired with each other and others to possess with the intent to later distribute the approximately 493 kilograms of cocaine seized in this case.

**LEGAL STANDARD**

Under § 3582(c)(1)(A), a defendant is eligible for compassionate release only (1) if the defendant demonstrates there are "extraordinary and compelling reasons" for a sentence reduction or the defendant is at least 70 years old and has served at least 30 years in prison; (2) the relief is consistent with the Sentencing Commission's relevant policy statements in U.S.S.G. § 1B1.13 and the applicable 18 U.S.C. § 3553(a) factors; and (3) the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g). *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) ("compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. [section]

4

3553(a).") (alterations added); s*ee also United States v. Monaco*, 832 F. App'x. 626 (11th Cir. 2020) (explaining that if there are "'extraordinary and compelling reasons' for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors.").[2]

Extraordinary and compelling reasons include: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence. As relevant here, medical circumstances include: (A) a terminal illness; (B) a serious physical or medical condition, or a serious functional or cognitive impairment, or a deteriorating physical or mental health because of the aging process, which substantially diminishes the ability of the defendant to provide self-care in prison; (C) a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death; (D) housing in a facility affected by an ongoing outbreak of infectious disease or public health emergency resulting in an increased risk of complications that is not adequately mitigated. U.S.S.G. § 1B1.13(1).

Notably, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) ("[W]e hold that [§] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under

---

2 The 18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwanted disparities among defendants; and (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13."). Further, the defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton,* 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2).); *United States v. Lonergan*, 2022 WL 426487, at *5 (S.D. Fla. Feb. 11, 2022).

## **ARGUMENT**

As a preliminary matter, the Government concedes that the Defendant has exhausted administrative remedies. Nevertheless, the Defendant has not met his burden of establishing extraordinary and compelling reasons for his release, or that the that the 18 U.S.C. § 3553(a) factors weigh in favor of a reduction of his sentence.

> *A. The Defendant's medical circumstances do not qualify as extraordinary and compelling reasons warranting release.*

In support of his motion for compassionate release, the Defendant first argues that his medical conditions are extraordinary and compelling. Specifically, the Defendant states that he suffers from Type 2 diabetes, asthma, hypertension, shortness of breath, fatigue, high cholesterol, high blood pressure, and glaucoma. He also states that "These chronic conditions require ongoing treatment and increase vulnerability to serious health complications" (DE 87-1 at 3).

However, aside from simply listing his medical ailments, he does not assert, nor provide evidence, that he is experiencing a serious deterioration in health or that he is incapable of day-to-day self-care. The Defendant's BOP medical records show that his health is consistently monitored by BOP and any complaint he has made appears to be well-treated and adequately addressed by BOP (*See* DE 87-1 at 12 to 44, Defendant's Medical Records).

Simply put, the Defendant's medical conditions are appropriately managed in the correctional setting and do not appear to present any impediment to his ability to provide self-care

or perform his activities of daily living without assistance. *See United States v. Lazo*, 22-13508, 2024 WL 748665, at *3 (11th Cir. Feb. 23, 2024) (holding that the defendant's conditions are being treated and are manageable in prison); *United States v. Giron*, 15 F.4th 1343 (11th Cir. 2021) (Defendant's conditions of high cholesterol, high blood pressure, and coronary artery disease are manageable in prison, and he therefore does not qualify for compassionate release even though he is at increased risk from COVID-19); *United States v. Polnitz*, 2020 WL 1139836, at *2 (E.D. Wis. Mar. 9, 2020) (a medical condition must be extraordinary; "many inmates suffer from pain and mental illness."); *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) (relief is "rare" and "extraordinary"); *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) ("a defendant's medical condition must be one of substantial severity and irremediability."). Accordingly, he fails to meet his burden for compassionate release.

B.  *The Defendant's other stated reasons for compassionate release are without merit.*

The Defendant also relies on his adult daughter's medical conditions. He states that his daughter suffers from type 1 arthrosis, distortion in the intellectual area, psychiatric cognitive, diagnose gastric, psychiatric condition (disorders), and stomach and eating disorders. He claims that "She requires daily assistant and support for basic functioning" and that his "presence is critically needed to assist in her care" (DE 87-1 at 4). Moreano states that "[a]s a parent, [he] feel[s] a moral and parental obligation to assist in [his daughter's] care. The care he believes he can provide is limited to stability, emotional support, assistance with daily living needs, and help navigating medical challenges (DE 87-1 at 57 to 58).

Besides his bare assertions, Moreano neglects to explain why his support is suddenly needed now. Moreano has been incarcerated for the last 9 years. During that time, presumably his daughter has received adequate support. As recently as July 2025, she was seeing physicians who

were attending to her medical needs (*See* DE 87-1 at 45 to 54, Daughter's Medical Records). Moreano provides no support to establish this circumstance as an extraordinary and compelling reason for a sentence reduction. His current sentence is sufficient but not greater than necessary.

## CONCLUSION

Based on the foregoing, the defendant's motion should be denied

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: *s/ Marc Chattah*
MARC CHATTAH
Assistant United States Attorney
Florida Bar No.: 27586
99 Northeast 4th Street
Miami, Florida 33132
Telephone: (305) 961-9087
Email: Marc.Chattah@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this document will be mailed to Segundo Orlando Moreano Blandon, Reg. No.: 63950-004 at Fort Dix FCI.

*s/ Marc Chattah*
MARC CHATTAH
Assistant United States Attorney